**UNITED STATES of America, Appellee,**

v.

**Michael Patrick LESSARD, Appellant.**

**No. 83–1944.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 10, 1983.

Decided Nov. 17, 1983.

Philip N. Hogen, U.S. Atty., Dist. of S.D., Ted L. McBride, Asst. U.S. Atty., Rapid City, S.D., for appellee.

Cooper & Arguedas, Penelope M. Cooper, Berkeley, Cal., for appellant.

Before HEANEY, BRIGHT and McMILLIAN, Circuit Judges.

PER CURIAM.

Michael Patrick Lessard appeals from a final judgment entered in the District Court[1] for the District of South Dakota, following a bench trial finding him guilty of possessing an unregistered firearm, 26 U.S.C. §§ 5861(d), 5871, and carrying a con-

---

1. The Honorable Andrew W. Bogue, Chief Judge, United States District Court for the Dis- trict of South Dakota.

cealed weapon in the commission of a felony, 18 U.S.C. § 924(c)(2). For reversal appellant argues that the district court erred in denying his motion to suppress weapons seized during a warrantless search of his truck. We affirm.

In June, 1982, a confidential informant told William Bertolani, a special agent with the Bureau of Alcohol, Tobacco, and Firearms (ATF), that members of the Oakland, California, chapter of the Hell's Angels Motorcycle Club would be attending a motorcycle run in Colorado. The informant later told Bertolani that the club members would leave Oakland on August 9 and would be taking a "side trip" to Sturgis, South Dakota, to confront members of a rival motorcycle club. The informant warned Bertolani that there might be violence and that the Hell's Angels members would be armed. According to the informant, a nonfelon member known as "Little Mike" would be transporting the weapons. The informant told Bertolani that he had learned this fact from his conversation with "Little Mike." In response to a question from Bertolani, the informant confirmed that "Little Mike" was appellant. The informant further stated that "Little Mike" would be driving a silver and black Scotsdale Chevrolet pickup truck, that for purposes of the trip the truck would be fitted with a camper, and that "Little Mike" would leave a day ahead of the other club members. In the past the informant had provided law enforcement officials information leading to at least four arrests.

On the basis of the informant's tip, Bertolani and other ATF agents began surveillance of appellant. One agent spotted a silver and black Scotsdale pickup truck in the vicinity of a Hell's Angels clubhouse and observed appellant near the truck. At that time the truck did not have a camper attached. On August 7 another agent observed the pickup truck with a camper attached.

On August 8, an agent advised Bertolani that appellant was driving the pickup truck out of the Oakland area. Shortly thereafter, another agent spotted the pickup truck travelling eastbound. At that time, Bertolani and the other agents began organized surveillance. The agents observed appellant driving the pickup truck through California, Nevada, Utah, Wyoming, and South Dakota. At various times during the trip, the agents lost sight of the truck and also observed that appellant drove erratically.

When appellant entered Custer, South Dakota, the agents began "close" surveillance. Custer is near Sturgis, South Dakota, the site of the anticipated motorcycle club confrontation, and the agents had observed heavy motorcycle traffic in the area. Agent Bertolani followed appellant when he turned off a paved road onto a dirt road that led to a cluster of trees. According to his testimony at the suppression hearing, Bertolani decided to stop the vehicle at that point because he feared that appellant was close to the site where he would distribute the weapons and that the agents would lose sight of appellant. After stopping the truck, the agents searched the vehicle and seized several weapons.

Law enforcement officials may make a warrantless search of a vehicle if they have probable cause to believe the vehicle contains contraband. *United States v. Ross,* 456 U.S. 798, 799, 102 S.Ct. 2157, 2159, 72 L.Ed.2d 572 (1982). However, "[t]he probable cause determination must be based on objective facts that could justify the issuance of a warrant by a magistrate and not merely on the subjective good faith of a [law enforcement] officer." *Id.* at 808, 102 S.Ct. at 2164.

Appellant argued to the district court, as he does on appeal, that the informant's tip could not supply probable cause for the warrantless search of his truck. The district court rejected his assertion, finding that the tip met the two-pronged test set forth in *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), and *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). The district court found that the informant was reliable because in the past he had supplied information leading to several arrests. The district court further found that the tip that appellant would be transporting weapons was credible because the informant

learned the information from appellant; the tip detailed the description of the vehicle, the date of departure, the purpose and destination of the trip; and virtually every detail of the informant's tip was corroborated by the agents' personal observations.

We agree with the district court that the informant's tip supported a probable cause determination. We note that the Supreme Court has recently abandoned the two-pronged test of *Spinelli* and *Aguilar* and substituted in its place a "totality of the circumstances" approach. *Illinois v. Gates,* —— U.S. ——, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Under this standard, a magistrate "is simply to make a practical, common-sense decision whether, given all the circumstances ..., including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 2332. In addition, the Court emphasized "the value of corroboration of details of an informant's tip by independent police work." *Id.* at 2334.

Accordingly, we affirm the judgment of the district court.